IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORMA BOOTENHOFF and EUGENE BOOTENHOFF, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | NO. CIV-11-1368-D |
| HORMEL FOODS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion to dismiss [Doc. No. 56] of Hormel Foods Corporation ("Hormel"). Hormel seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(2), arguing this Court lacks personal jurisdiction. Plaintiffs have responded to the motion, and Hormel filed a reply. In their response, Plaintiffs asked the Court to permit them to conduct discovery on the issue of personal jurisdiction. On July 13, 2012, the Court entered its Order [Doc. No. 135] denying Plaintiffs' request for discovery and advising the parties that it would address the merits of Hormel's motion in a subsequent order.[1]

The Court has now reviewed the parties' briefs and accompanying exhibits, and has determined that an evidentiary hearing is not necessary.[2] Accordingly, the Court will proceed to issue its ruling on the basis of the parties' briefs and submissions.

---

[1] Hormel also filed a motion [Doc. No. 130] to stay discovery pending resolution of the issue of personal jurisdiction. The record reflects no response by Plaintiffs and, at the July 6, 2012 status conference, Plaintiffs' counsel indicated no discovery would be requested. Accordingly, the motion [Doc. No. 130] is moot.

[2] A district court has discretion to determine the procedure to employ when considering a motion to dismiss for lack of personal jurisdiction. *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citing *Ten Mile Indus. Park v. Western Plains Serv.*, 810 F.2d 1518, 1524 (10th Cir. 1987)).

Background:

Plaintiffs brought this action to recover for injuries sustained by Plaintiff Norma Bootenhoff ("Mrs. Bootenhoff"), who was diagnosed with mesothelioma. Plaintiffs allege that her condition was caused by exposure to asbestos at Hormel's Austin, Minnesota plant. Plaintiffs brought this action in the District Court of Oklahoma County, and it was removed to this Court, where jurisdiction is based on diversity of citizenship. Prior to the removal, Plaintiffs had filed an Amended Complaint.

Standards governing personal jurisdiction:

Plaintiff bears the burden of establishing that the Court may properly exercise jurisdiction over the Defendant. When a motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other evidentiary materials, however, a plaintiff need only make a *prima facie* showing of personal jurisdiction. *AST Sports Science, Inc. v. CLF Distribution Limited*, 514 F.3d 1054, 1057 (10th Cir. 2008) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)); *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). Plaintiff's *prima facie* burden is satisfied "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings*, 149 F.3d at 1091. The Court considers and construes as true only "plausible, non-conclusory, and non-speculative" allegations in the Complaint. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). If the parties submit conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor. *AST*, 414 F.3d at 1057 (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995)).

It is well established that, to be subject to the personal jurisdiction of the court, a nonresident

defendant must have sufficient contacts with the forum state to satisfy the requirements of due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). "The analysis of the personal jurisdiction question in diversity cases generally involves a 2-step inquiry: courts must determine whether the exercise of jurisdiction is consistent with (1) the long-arm statute of the forum state, and (2) the due process clause of the fourteenth amendment." *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W. D. Okla. 1990). In Oklahoma that test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process. *Rambo v. American Southern Ins. Co.*, 839 F. 2d 1415, 1416 (10th Cir. 1988).

The minimum contacts standard may be satisfied in two ways, by showing general or specific personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). General jurisdiction exists where a plaintiff's cause of action does not arise from or relate to the defendant's activities within the forum state, but the defendant has maintained "continuous and systematic general business contacts in the state." *OMI Holdings*, 149 F.3d at 1091. Specific jurisdiction exists where a defendant does not have continuous contacts with the state, but the plaintiff shows that 1) the defendant has purposefully directed its activities at residents of the forum state and 2) the plaintiff's alleged injuries "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 473.

<u>Application:</u>

In this case, Plaintiffs do not argue that this Court may exercise specific personal jurisdiction over Hormel and, in fact, the allegations in the Complaint establish that they cannot do so because Plaintiffs allege that Mrs. Bootenhoff's injuries were sustained in Minnesota and not in Oklahoma. According to the Plaintiffs, Mrs. Bootenhoff was first exposed to asbestos because her father worked

at Hormel's plant in Minnesota, and the asbestos from the plant remained on his clothing or on his person when he left the plant premises. She contends that she laundered the clothing and was otherwise exposed to asbestos particles he brought into their home. She further contends that, after she married, her husband was also employed at Hormel's Minnesota plant and, like her father, he inadvertently brought asbestos particles into their home, thereby further exposing her to asbestos. Plaintiffs allege that Mrs. Bootenhoff was also employed in an administrative position at the Hormel Minnesota plant and sustained further asbestos exposure while working there.

The record reflects that Mr. and Mrs. Bootenhoff left Minnesota and relocated in Arkansas, and later became Oklahoma residents, having moved here by choice many years after the alleged asbestos exposure occurred in Minnesota. Plaintiffs do not allege that such exposure occurred in Oklahoma at any time. Accordingly, even if they could show that Hormel conducts business in Oklahoma, they cannot show that Mrs. Bootenhoff's injuries were sustained here or resulted from Hormel's alleged business activities here. Thus, Plaintiffs cannot satisfy the requisite elements of specific personal jurisdiction.

Plaintiffs focus instead on the contention that the Court may exercise general personal jurisdiction over Hormel, arguing Hormel has general and systematic business contacts in Oklahoma sufficient to satisfy due process. "'Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.'" *Benton v. Cameco Corp.,* 375 F.3d 1070, 1080 (10th Cir. 2004) (quoting *OMI Holdings*, 149 F.3d at 1091). Accordingly, to satisfy the requirements of showing that this Court may exercise general personal jurisdiction over Hormel, Plaintiffs must satisfy a more stringent standard.

4

The Tenth Circuit has identified certain factors which the Court should examine to determine if a defendant has sufficient contacts with the forum to show it has continuous and systematic general business contacts sufficient to permit the exercise of general personal jurisdiction. The Court should consider whether the defendant:

1. engaged in business in this state;
2. is licensed to do business in this state;
3. owns, leases, or controls property (real or personal) or assets in this state;
4. maintains employees, offices, agents, or bank accounts in this state;
5. has shareholders residing in this state;
6. maintains phone or fax listings within this state;
7. advertises or solicits business in this state;
8. travels to this state by way of salespersons;
9. pays taxes in this state;
10. visits potential customers in this state;
11. recruits employees in the state; or
12. generates a substantial percentage of its national sales through revenue generated from in-state customers.

*Soma Medical International v. Standard Chartered Bank*, 196 F. 3d 1291, 1295-96 (10th Cir. 1999). The Tenth Circuit has recently summarized the relevant factors as: 1) whether the defendant solicits business in the forum state through a local office or agents; 2) whether it sends agents to the state on a regular basis to conduct business; 3) the extent to which it holds itself out as doing business in the forum state via advertisements, listings, or bank accounts; and 4) the volume of business it conducts in the forum state. *Grynberg v. Ivanhoe Energy, Inc.,* 2012 WL 2855777, at * 6 (10th Cir. July 12, 2012) (unpublished opinion) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG,* 102 F.3d 453, 457 (10th Cir. 1996) and *Doering v. Copper Mountain, Inc.,* 259 F.3d 1202, 1210 (10th Cir. 2001)).

In this case, Plaintiffs point to evidence that Hormel is a national company which distributes and sells products in all 50 states. Hormel maintains an internet site which lists the locations of its

5

manufacturing plants in eleven states, and identifies several subsidiaries and their locations in the United States and other countries. A copy of this portion of the internet site is submitted as Plaintiffs' Exhibit A. Plaintiffs also note that Hormel purchases hogs for its meat processing plants from a variety of producers, and its filings with the Securities and Exchange Commission include information explaining that Oklahoma is among the several states having producers from which Hormel purchases hogs pursuant to a contract. Plaintiffs' Exhibit B, at p. 4.

It is not disputed that Hormel is a Delaware corporation having its principal place of business in Austin, Minnesota. Affidavit of Jana L. Haynes, Director of Taxes for Hormel, submitted as an unmarked exhibit to Hormel's motion ("Haynes affidavit"). It does not maintain offices, telephone listings, or mailing addresses in Oklahoma, nor does it own, lease or control any real or personal property or assets here. Haynes affidavit at ¶ 5. It is not licensed to do business in Oklahoma, does not maintain bank accounts or pay taxes here, and is not owed any debts in Oklahoma. *Id.* at ¶¶ 6, 7, 9. According to Ms. Haynes, Hormel does not advertise its products in Oklahoma, and does not do business of any kind here. Haynes affidavit, ¶¶ 4, 8. Thus, Hormel argues it lacks the contacts noted by the Tenth Circuit as factors supporting the exercise of general personal jurisdiction.

Notwithstanding the absence of these contacts, Plaintiffs argue general jurisdiction can be based on Hormel's internet activity, its national advertisements, or the placement of its products in the national stream of commerce, resulting in the sale of those products in Oklahoma.

As Plaintiffs suggest, material appearing on an internet site may be sufficient to confer personal jurisdiction. *Soma Medical,* 196 F. 3d at 1296. Maintenance of an internet site does not, however, always confer such jurisdiction; rather, the nature and degree of internet activity determine whether the contacts are sufficient to satisfy due process. *Id.* To determine whether the level of

activity is sufficient, the court should apply a "sliding scale" evaluation to consider the nature of the internet activity conducted. *Soma*, 196 F. 3d at 1296. According to that scale, whether the exercise of jurisdiction is appropriate depends upon "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.* Thus, maintenance of a "passive" site which merely offers information, without more, is not sufficient to warrant the exercise of personal jurisdiction, while a site in which business is conducted, files are transmitted, or similar activity occurs is sufficient. *Soma*, 196 F. 3d at 1296. A "middle category" encompasses interactive sites "where a user can exchange information with the host computer." *Id.* at 1297.

The Hormel web site material submitted by Plaintiffs reflects that it is a passive web site which presents information, and it does not solicit business or offer products for sale via the internet. Plaintiffs' Exhibit A. Furthermore, the information on Hormel's internet site does not identify any manufacturing plant located in Oklahoma, nor does it list any subsidiary or affiliated company located here. The internet information explains that Hormel "sells products through a direct sales force assigned to offices in major cities throughout the United States. Their efforts are supported by sales brokers and distributors." *Id.* Hormel does not, however, maintain a sales force located in Oklahoma, and it has no office or personnel located here. Haynes affidavit, ¶¶ 4, 5. The Court concludes that Hormel's maintenance of a passive web site, without more, is insufficient to confer general personal jurisdiction.

However, it is not disputed that Hormel advertises its products nationally and those products are sold throughout the United States. National advertisements are not, without more, sufficient to support general jurisdiction because the mere placement of advertisements in "nationally-distributed publications" cannot be regarded as "continuous and systematic" in nature. *Doering,* 259 F. 3d at

1210. Advertisements directed at residents of a specific forum state may be sufficient if the advertisements satisfy the "foreseeability that is critical to due process analysis" by evidencing conduct such that the defendant should "reasonably anticipate being haled into court" in Oklahoma. *World-Wide Volkswagen,* 444 U.S. at 295. Thus, advertisements directed at, and soliciting the business of, residents of the forum state may be sufficient to satisfy due process, particularly if the resulting contacts are attributable to the defendant's actions rather than solely to the actions of the plaintiff. *See, e.g., Rambo,* 839 F.2d at 1421 n. 8. This factor is, however, more important where specific personal jurisdiction is at issue, as a national advertisement "is less important than it would have been had the advertisement been seen and acted upon" by the plaintiff in the forum state. *Fidelity and Cas. Co. of New York v. Philadelphia Resins Corp.*, 766 F.2d 440, 447 (10th Cir. 1985).

In this case, Plaintiffs do not contend that Mrs. Bootenhoff's injuries are related in any manner to Hormel's national advertisements that appear in Oklahoma, nor do they argue that she took any action based upon its national advertisements which could have resulted in harm to her. She does not argue that she was harmed by purchasing or consuming the meat products sold by Hormel through Oklahoma retailers. Accordingly, the fact that those products are advertised nationally does not support jurisdiction in this case.

Plaintiffs argue, however, that Hormel has continuous and systematic business contacts in Oklahoma because, as a company selling products throughout the United States, it has placed its products into the stream of commerce. By doing so, it has consciously sold its products in Oklahoma, and Plaintiffs contend this subjects Hormel to the jurisdiction of this Court. As Plaintiffs point out, "[t]he stream-of-commerce theory permits the exercise of personal jurisdiction over a non-resident that delivers its products into the stream of commerce with the expectation that they will

be purchased by consumers in the forum state." *World-Wide Volkswagen*, 444 U.S. at 298.

However, as Hormel argues, the United States Supreme Court has held that the stream-of-commerce theory does not apply where general personal jurisdiction is at issue, but is applicable only to specific personal jurisdiction. *Goodyear Dunlop Tires Operations*, *S. A. v. Brown,* __ U.S. __, 131 S.Ct. 2846 (2011). Plaintiffs argue that Hormel misinterprets *Goodyear,* and they contend its holding is not applicable to this case.

In *Goodyear,* the Court considered whether North Carolina courts had specific or general personal jurisdiction over Goodyear in a lawsuit alleging that defective tires caused an accident in France which resulted in the deaths of two North Carolina residents. The plaintiffs alleged the tires were manufactured by a Goodyear subsidiary in Europe. They asserted that personal jurisdiction existed in North Carolina because Goodyear's products were sold throughout the United States, and it had placed those products in the stream of commerce. According to the plaintiffs, placement of its tires into the stream of national commerce was sufficient to constitute the continuous and systematic contacts with North Carolina to support general personal jurisdiction.

The Court rejected that argument, and held that general jurisdiction could not be based on the fact that Goodyear placed its tires in the national stream of commerce. "Flow of a manufacturer's products into the forum, we have explained, may bolster an affiliation germane to *specific* jurisdiction." *Goodyear,* 131 S.Ct. at 2855 (emphasis in original) (citing *World-Wide Volkswagen,* 444 U.S. at 297). Thus, the stream-of-commerce theory may be applicable where an injury in the forum state arises from a product purposefully placed in the national stream of commerce by the manufacturer, as "'it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise *has there been the source of injury to its owner or to others.*'"

*Id.* (quoting *World-Wide Volkswagen,* 444 U.S. at 297) (emphasis in *Goodyear*). "But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Goodyear,* 131 S.Ct. at 2855 (emphasis in original). Thus, the Court held that a corporation's "'continuous activity of some sorts within a state...is not enough to support the demand that the corporation be amendable to suits *unrelated to that activity.*'" *Id.* at 2856 (quoting *International Shoe v. Washington,* 326 U.S. 310, 318 (1945)) (emphasis added).

Although the Tenth Circuit cited *Goodyear* in *Grynberg,* 2012 WL 2855777, the stream-of-commerce theory was not at issue in that decision. However, the Circuit applied the general jurisdiction analysis in *Goodyear,* noting that general jurisdiction requires contacts that approximate physical presence in the forum state, so that the forum is "'one in which the corporation is fairly regarded as at home.'" *Grynberg*, 2012 WL 2855777, at \*6 (quoting *Goodyear,* 131 S.Ct. at 2853-54).

Hormel notes that other courts have applied *Goodyear* to a stream-of-commerce theory, and have held that the theory does not support the exercise of general personal jurisdiction. *See, e.g., Viasystems, Inc. v. EBM-Pabst St. Georgen GMBH & Co., KG*, 646 F.3d 589, 597 (8th Cir. 2011). In *Viasystems,* the Eighth Circuit found that *Goodyear* rejected the contention that general jurisdiction could be based on the fact that a defendant sold products in the forum state through a regional distributor with the expectation that the products would reach a multi-state area, concluding that "this connection alone is 'so limited' that it is an 'inadequate basis for the exercise of general jurisdiction.'" *Viasystems,* 646 F.3d at 597 (quoting *Goodyear,* 131 S.Ct. at 2851).

The Court concludes that *Goodyear* applies to the facts of this case and that it rejects the

stream-of-commerce theory as a valid basis for the exercise of *general* personal jurisdiction. Accordingly, the fact that Hormel has placed its products in the national stream of commerce, resulting in their sale in Oklahoma and all other states, is not sufficient to permit this Court to exercise general personal jurisdiction over Hormel in this case.  Furthermore, Plaintiffs' other arguments are inadequate to establish a *prima facie* showing that Hormel has systematic and continuous general business contacts in the forum.  The factors consistently applied by the Tenth Circuit to assess the existence of such contacts are not present here to an extent which supports the exercise of jurisdiction over Hormel.  Accordingly, Hormel's motion must be granted.

Conclusion:

For the reasons set forth herein, Hormel's motion to dismiss [Doc. No. 56] is GRANTED. Hormel is dismissed as a party, and this case will proceed on Plaintiffs' remaining claims against the other defendants.

IT IS SO ORDERED this 7th day of August, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE